UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL WARREN FRANK,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN COLVIN, Commissioner of the Social Security Admin.,<br><br>                    Defendant. | No.   4:15-CV-5079-EFS<br><br>**ORDER GRANTING PLAINTIFF'S SUMMARY-JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY-JUDGMENT MOTION** |

Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 13 & 17. Plaintiff Michael Warren Frank appeals the Administrative Law Judge's (ALJ) denial of benefits, arguing that the ALJ improperly rejected the opinions of his medical providers, improperly rejected his subjective complaints, improperly rejected lay witness statements, and failed to fully consider Mr. Frank's specific functional limitations when determining that certain jobs were available in significant numbers. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. The Court has reviewed the administrative record and the parties' briefing. For the reasons set forth below, the Court remands this matter for additional proceedings. Mr. Frank's motion is granted, and the Commissioner's motion is denied.

**A.   Jurisdiction**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

ORDER REMANDING TO THE ALJ - 1

**B.    Standard of Review**

A district court's review of a Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

///

**C.   Disability Determination: Five-Step Sequential Evaluation Process**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activities, the claimant is not disabled and benefits are denied. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantial gainful employment, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. *Id.* §§ 404.1520(e), 416.920(e). If the claimant is able to perform the claimant's previous work, the claimant is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs

exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**D.     Procedural History and ALJ Findings[1]**

Mr. Frank filed an application for supplemental security income and disability insurance benefits, dated October 11, 2011, alleging a disability onset date of September 1, 2011. Transcript of Record (Tr.) 25. Mr. Frank's claim was denied initially and upon reconsideration. Mr. Frank requested a hearing before an ALJ, Tr. 195, which was held on November 15, 2013, Tr. 43-112. On February 14, 2014, the ALJ rendered a decision denying Mr. Frank's claim. Tr. 25-37.

At step one, the ALJ found Mr. Frank had not been engaged in substantial gainful activities since September 1, 2011, the alleged onset date.

At step two, the ALJ found Mr. Frank had the following medically severe impairments: degenerative disc disease of the cervical spine with radiculopathy, degenerative disc disease of the lumbar spine, vertigo, HIV, chronic kidney disease, major depressive disorder, and generalized anxiety disorder.

At step three, the ALJ found Mr. Frank's impairments, individually or cumulatively, did not meet the severity of one of the listed impairments under 20 C.F.R. Part 404.

At step four, the ALJ found, although Mr. Frank does not have the residual functional capacity to perform his past work, he can:

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

- lift and carry 10 pounds frequently and 20 pounds occasionally;
- sit and stand and/or walk 6 hours in an 8-hour workday if he has the ability to alternate between sitting and standing at will;
- not sit or stand more than 30 minutes at a time;
- frequently handle, finger, grip, and grasp with his bilateral upper extremities;
- occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and
- occasionally bend, stoop, kneel, crouch, and crawl.

The ALJ determined that Mr. Frank cannot work around fluorescent lighting. Ultimately, the ALJ determined Mr. Frank is limited to simple, unskilled work.

At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Mr. Frank can perform, specifically, cashier II and ticket taker.

The Appeals Council denied Mr. Frank's request for review, Tr. 196-200, making the ALJ's decision the final decision for purposes of judicial review. 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210. Mr. Frank filed this lawsuit in August 2015. ECF No. 1.

**E.   Analysis**

Mr. Frank raises the following issues for this Court's review of the Commissioner's final decision:

ORDER REMANDING TO THE ALJ - 6

1)   did the ALJ improperly reject the opinions of Mr. Frank's medical providers, Dr. Perreira and Dr. Goshima;

2)   did the ALJ improperly reject Mr. Frank's subjective complaints;

3)   did the ALJ improperly reject lay-witness statements; and

4)   did the ALJ fail to fully consider Mr. Frank's specific functional limitations when determining that he could perform work as a cashier II or a ticket taker.

The Court evaluates each issue in turn.

1.   Medical Providers

There are three type of physicians: treating physicians, examining physicians, and non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). It is undisputed that Dr. T. Noelani Perreira, Psy.D. is an examining physician and Dr. Goshima is a treating physician.

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830. However, "if a treating doctor's opinion is contradicted by other medical evidence in the record, the ALJ may reject this opinion . . . by 'providing specific and legitimate reasons supported by substantial evidence.'" *Dominguez v. Colvin*, 808 F.3d 403, 406-07 (9th Cir. 2015) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). If a treating or examining physician's opinion is not contradicted by other medical evidence in the record, then the ALJ must provide "clear and convincing" reasons supported by "substantial evidence" in the record to reject the opinion. *Lester*, 81

F.3d at 830. "In disability benefits cases, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

Dr. Perreria conducted a mental examination of Mr. Frank and found, amongst other findings, that Mr. Frank showed an extremely low ability to process visual material and had a borderline ability to sustain attention, concentrate, and exert mental control. Ultimately, Dr. Perreria opined that Mr. Frank would have difficulty following detailed instructions but he would be able to understand and perform short and simple instructions. The Court agrees with the Commissioner that the ALJ did not reject Dr. Perreira's opinions but rather gave them weight and then assessed mental residual-functional-capacity limitations consistent with Dr. Perreira's opinions. The Court finds the ALJ appropriately considered and gave weight to Dr. Perreira's opinions. Mr. Frank's motion is denied in this regard, and the Commissioner's motion is granted.

As to Dr. Goshima, the ALJ rejected Dr. Goshima's opinions that Mr. Frank would need unscheduled breaks of more than 10 per day, miss more than 4 days of work a month, and be off task at least 15 percent of the time. Mr. Frank argues that it was not proper for the ALJ to reject these opinions because regardless of whether he had an undetectable HIV viral load and that his HIV was well controlled, it is undisputed that he suffered from HIV and that he experienced symptoms, such as diarrhea and fatigue, as a result of the medication he took to treat his HIV. Mr. Frank also argues that there was evidence to support

ORDER REMANDING TO THE ALJ - 8

1   the need for unscheduled breaks and absenteeism because the MRI of his
2   lumbar spine showed marked foraminal stenosis, there was severe central
3   stenosis left of the L3-4, and of his diarrhea, fatigue, depression,
4   anxiety, and treatment for such. Lastly, Mr. Frank submits that there
5   was evidence to support Dr. Goshima's findings of marked limitations in
6   daily living activities and in concentration, persistence, and pace
7   given that the IQ testing revealed that his processing speed was in the
8   extremely low range and that his working score was in the borderline
9   range.
10       The Court is unable to conclude that the ALJ failed to articulate
11  specific and legitimate reasons supported by substantial evidence for
12  discrediting Dr. Goshima's opinions that Mr. Frank had marked
13  limitations in activities of daily living, social functioning,
14  concentration, and pace. The other medical records indicate that Mr.
15  Frank's depression was not so extensive as to impose a marked limitation
16  on these abilities. And the ALJ appropriately concluded the other
17  medical records did not support a need for unscheduled breaks or
18  absenteeism. The ALJ appropriately reduced the range of light work to
19  those that included only simple work in order to accommodate the chronic
20  fatigue suffered by Mr. Frank as a result of his HIV and treatment
21  thereof. In summary, the Court finds the ALJ appropriately identified
22  legitimate grounds for discrediting Dr. Goshima's marked-limitation
23  findings. In this regard, Mr. Frank's motion is denied, and the
24  Commissioner's motion is granted.
25  //
26  /

ORDER REMANDING TO THE ALJ - 9

2. <u>Subjective Complaints</u>

An ALJ uses a two-step analysis to assess whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). Step one requires the ALJ to determine whether the claimant presented objective medical evidence of an impairment, which could reasonably be expected to produce some degree of the pain or other symptoms alleged. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Objective medical evidence of the pain or fatigue, or the severity thereof, need not be provided by the claimant. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ must accept the claimant's testimony about the severity of his symptoms unless, at step two, the ALJ provides specific, clear, and convincing reasons for rejecting the claimant's symptom-severity testimony. *Id.; Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. *Orn*, 495 F.3d at 635.

Mr. Frank argues the ALJ failed to provide clear and convincing reasons for making a negative credibility finding—and failed to consider Mr. Frank's conditions in combination. The Court agrees. Mr. Frank presented objective medical evidence of impairments, such as HIV and degenerative disc disease, which could reasonably be expected to produce

some degree of the pain, memory impairments, fatigue, and diarrhea. There is no evidence of malingering in the record. Prior to the alleged onset of his disability, Mr. Frank was an active individual, who worked and swam.

The ALJ notes that medical records indicate that medication and treatment were generally successful in controlling many of Mr. Frank's symptoms. But HIV is a degenerative disease, and the medication that Mr. Frank has taken for years indisputably has immediate and cumulative side-effects, including memory problems and diarrhea. Mr. Frank's daily activities become progressively fewer and his memory became progressively negatively impacted. Being able to focus during a medical appointment is quantitatively different than being able to focus and feel well enough to be productive during an eight-hour work day. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The Court finds the ALJ failed to look at the cumulative impact of Mr. Frank's limitations and failed to provide specific, clear, and convincing reasons for rejecting Mr. Frank's symptom-severity testimony. In this regard, Mr. Frank's motion is granted, and the Commissioner's motion is denied.

3. <u>Lay-Witness Statements</u>

"Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ may not disregard competent lay witness testimony without comment and therefore must give specific, germane reasons for disregarding the testimony. *Id.*; *Bruce v. Astrue*, 557 F.3d 1113, 1115

(9th Cir. 2009). This is a lower standard than is required for rejecting the claimant's statements regarding the severity of the suffered limitations.

Jerry Barnes, Mr. Frank's housemate, testified that Mr. Frank's daily activities deteriorated from 2011 to November 2013, the time of the administrative hearing, and that at the time of the hearing, Mr. Frank required assistance to get in and out of the bathtub and get out of bed and that taking public transportation was difficult because Mr. Frank cannot remember where he is supposed to get off or he falls asleep on the bus and misses his stop. The ALJ only found Mr. Barnes' testimony partially credible because the ALJ determined that the medical records reflected that Mr. Frank's limitations were not as significant as Mr. Barnes testified. Under the low standard that applies to the ALJ's rejection of lay testimony, the Court finds the ALJ provided specific and germane reasons for rejecting Mr. Barnes' testimony. In this regard, Mr. Frank's motion is denied, and the Commissioner's motion is granted.

**F.  Conclusion**

Because the ALJ failed to provide clear and convincing reasons for rejecting Mr. Frank's statements regarding the severity of his impairments, the Court remands this matter for additional proceedings. On remand, the ALJ is to consider whether Mr. Frank's testimony is to be deemed true and, if so, what impact that testimony has on the reasons given to partially reject Dr. Goshima's opinions and Mr. Barnes' testimony. *See Dominguez*, 808 F.3d at 407 (requiring remand if there is a serious doubt as to whether the claimant is in fact disabled even if the claimant's testimony is accepted). The ALJ can determine whether

presentation of further evidence would be helpful in light of the passage of time since the November 2013 administrative hearing. The ALJ shall present the new residual-functional-capacity assessment to a vocational expert to help determine whether Mr. Franks is capable of performing any work existing in sufficient numbers in the national economy.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Frank's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART** (subjective complaints and new residual-functional-capacity assessment) **and DENIED IN PART** (remainder).

2. The Commissioner's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART AND DENIED IN PART** (remand is necessary).

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. Judgment is to be entered in Mr. Frank's favor.

5. An application for attorney fees may be filed by separate motion by Mr. Franks.

6. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and the Office of Disability Adjudication and Review, 714 N. Iron Bridge Way, Ste. 200, Spokane, WA 99202.

**DATED** this   6th   day of April 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge